FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 2 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

REBECCA BROWN AND
SHANE PERSCHKA                                                          PLAINTIFFS

V.                              NO. *3:17cv76-DPM*

AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY                                                       DEFENDANTS

This case assigned to District Judge *Marshall*
and to Magistrate Judge *Kearney*

NOTICE OF REMOVAL

COME NOW Defendants, American Logitran Cargo, Inc. and Roy Irizarry

("Defendants"), by and through their attorneys, Barber Law Firm PLLC and for their Notice of

Removal, state:

     1.     Plaintiff filed his Complaint against Defendants in the Circuit Court of Crittenden

County, Arkansas on March 1, 2017. This Complaint is styled, *Rebecca Brown and Shane*

*Perschka v. American Logitran Cargo, Inc. and Roy Irizzary*, Crittenden County Circuit Case No.

18CV-17-129.

     2.     Rebecca Brown is an individual residing in Crittenden County, Arkansas. Ms.

Brown therefore, is a resident and citizen of Arkansas for the purposes of diversity jurisdiction.

     3.     Shane Perschka is an individual residing in Crittenden County, Arkansas. Mr.

Perschka therefore, is a resident and citizen of Arkansas for the purposes of diversity jurisdiction.

     4.     American Logitran Cargo, Inc. is a foreign corporation with its domicile in

Michigan. American Logitran Cargo, Inc., therefore, is a resident of Michigan for the purposes of

diversity jurisdiction.

5.      Roy Irizarry is an individual residing in Campbell County, Wyoming.  Mr. Irizarry therefore, is a resident and citizen of Wyoming for the purposes of diversity jurisdiction.

6.      This matter arises out of an automobile accident which occurred on or about November 24, 2016 in West Memphis, Crittenden County, Arkansas.  Plaintiffs filed their Complaint as the result of the accident, and the Plaintiffs seek to recover an amount "which exceeds the minimum amount for federal diversity jurisdiction." (See Plaintiffs' First Amended Complaint at Law).

7.      The United States District Court for the Eastern District of Arkansas, Jonesboro Division, has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332.  Specifically, the civil action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

8.      Defendants hereby provide notice of the removal of the above-referenced state-court action to the United States District Court for the Eastern District of Arkansas, Jonesboro Division, pursuant to 28 U.S.C. §§ 1441 and 1446.

9.      In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached as Exhibit "A".

10.     Defendant, American Logitran Cargo, Inc., was served on or about March 17, 2017. Defendant, Roy Irizarry, was served on or about April 8, 2017.  Defendants, therefore, are filing this Notice of Removal within thirty (30) days of actual service of the Summons and First Amended Complaint.

11.     In compliance with 28 U.S.C. § 1446(d), Defendants are filing a written Notice to the Crittenden County Circuit Clerk and Notice to Plaintiffs with the Circuit Clerk of Crittenden County, Arkansas.  The notice is attached hereto as Exhibits "B".

12.    Defendants request a trial by jury.

WHEREFORE, Defendants, American Logitran Cargo, Inc. and Roy Irizarry, pray the

action now pending in the Circuit Court of Crittenden County, Arkansas be removed therefrom

to the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and

for all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  malexander@barberlawfirm.com

BY:  _____
Micheal L. Alexander, AR BIN 80002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 12th day of April, 2017, via electronic and regular mail upon Plaintiffs' counsel:

kgraham@nstlaw.com
Kevin N. Graham, Esq.
Nahon Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee 38117

_____
Micheal L. Alexander

# EXHIBIT "A"

All process, pleadings, orders, etc.
filed of record as of April 12, 2017
Circuit Court of Crittenden County,
Arkansas
Case No. 18CV-17-129

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**REBECCA BROWN AND**
**ROBERT PERSCHKA,**

     **Plaintiffs,**

**vs.**

                                  **Docket:** _____
                                  **JURY DEMANDED**

**AMERICAN LOGITRAN CARGO, INC.,**
**AND ROY IRIZARRY**

     **Defendants.**

## COMPLAINT AT LAW

COME NOW your Plaintiffs, Rebecca Brown and Robert Perschka, by and through their attorneys, Nahon, Saharovich & Trotz, PLC, and file this Complaint against your Defendants, American Logitran Cargo, Inc. and Roy Irizarry, and in support thereof state the following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1.     Plaintiffs, Rebecca Brown and Shane Perschka, are adult Arkansas residents of Marion, Crittenden County.

2.     Defendant, American Logitran Cargo, Inc., upon information and belief, is a Michigan Corporation and is an interstate motor carrier doing business in the state of Arkansas. Additionally, this Defendant has a registered agent for service of process, Yadwinder Singh, located at 28537 Wick Road, Romulus, Michigan.

3.      The Defendant, Roy Irizarry, upon information and belief, is a resident of Gillette, Campbell County, Wyoming, and at all times pertinent hereto was the employee, agent and/or servant of the Defendant, American Logitran Cargo, Inc.

4.      This cause of action arises out of events resulting from an automobile versus tractor-trailer collision which occurred in West Memphis, Crittenden County, Arkansas. Jurisdiction, venue and service of process are thus proper with this court.

## FACTS

5.      On or about November 24, 2016, at approximately 3:00 PM, Plaintiff, Rebecca Brown, was a passenger in a 1996 Chevrolet S-10/T-10 pick-up truck, being operated by Plaintiff, Shane Perschka, in the right hand westbound lane of Interstate 40 in West Memphis, Crittenden County, Arkansas.

6.      At the same time, Defendant, Roy Irizarry, was operating a 2012 Freightliner tractor-trailer, bearing Michigan license plate number RB40784 and United States Department of Transportation Number 1063821, also in the right hand westbound lane of Interstate 40 in West Memphis, Crittenden County, Arkansas.  Upon information and belief, the 2012 Freightliner tractor-trailer was solely owned by Defendant, American Logitran Cargo, Inc.

7.      As Shane Perschka was carefully operating his truck with his emergency flashers on, he was suddenly and without warning violently struck in the rear by the front of Defendants' tractor-trailer at a high rate of speed.

8.      As a direct and proximate result of the violent collision, Rebecca Brown sustained severe personal injuries and Robert Perschka sustained injuries and property damage to his truck.

9.    At all times relevant hereto, Plaintiffs were exercising care and caution for her safety and for the safety of others properly on the aforesaid roadway.

## RESPONDEAT/SUPERIOR

10.    Plaintiffs charge and allege that the 2012 Freightliner tractor-trailer operated by Co-Defendant, Roy Irizarry, was solely owned by Co-Defendant, American Logitran Cargo Inc. In addition, Roy Irizarry was the agent, servant, and/or employee of the Co-Defendant, American Logitran Cargo, Inc., and that because Co-Defendant, Roy Irizarry, was on or about the business of Co-Defendant, American Logitran Cargo, Inc., on November 24, 106, the Co-Defendant, American Logitran Cargo, Inc. is vicariously and equally liable for the negligent and tortious acts and/or omissions of Roy Irizarry pursuant to the respondeat superior doctrine of tort liability.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

11.    Plaintiffs charge and allege that the Defendant, Roy Irizarry, is guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

(a)    Failing to maintain a proper lookout ahead;

(b)    Failing to maintain proper control of the tractor-trailer under the existing circumstances;

(c)    Failing to devote full time and attention to the operation of the tractor-trailer;

(d)    Failing to use the degree of care and caution that was required under the circumstances;

(e)    Failing to operate the tractor-trailer at a safe speed for the circumstances then and there existing;

(f)    Failing to keep the tractor-trailer under control; and

(g)    Failing to exercise ordinary care at the time of the collision.

12.     Plaintiffs charge and allege that at the time of the collision in question, the
following statutes of the State of Arkansas were in full force and effect and were violated by
Defendant, Roy Irizarry, to wit:

**Section 27-50-308: Reckless driving.**
*(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for
the safety of persons or property is guilty of reckless driving.*

**Section 27-51-104. Careless and prohibited driving.**
*(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner
as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or
in such a manner as to evidence a failure to maintain proper control on the public
thoroughfares or private property in the State of Arkansas.*
*(b) It shall be unlawful for any person to operate or drive any vehicle on the public
thoroughfares or private property in the State of Arkansas in violation of the following
prohibited acts:*
*(1) Improper or unsafe lane changes on public roadways.*

**Section 27-51-201: Speed Limitations generally.**
*(a)(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and
prudent under the conditions and having regard to the actual and potential hazards then existing.
(2) In every event, speed shall be controlled as may be necessary to avoid colliding with any
person, vehicle, or other conveyance on or entering the highway in compliance with the legal
requirement and duty of all persons to use due care.*

**Section 27-51-305: Following too closely.**
*(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable
and prudent, having due regard for the speed of vehicles and the traffic and condition of the
highway.*
*(b)(1) The driver of any motor truck or any motor vehicle drawing another vehicle when traveling
upon a roadway outside of a business or residence district shall not follow within two hundred
(200') of another motor vehicle.*

13.     Plaintiffs further charge and allege that your Defendants, American Logitran
Cargo, Inc., and Roy Irizarry, are subject to the rules and regulations of the Federal Motor
Carrier Safety Act and reserve the right to amend their Complaint to add any such violation of
the FMCSA by these Defendants as discovery develops.

4

## PROXIMATE CAUSE

14.     Plaintiffs charge and allege that one, some or all of the aforesaid acts of common law negligence and/or violations of the statutes of the State of Arkansas were the direct and proximate cause of the collision at issue and the Plaintiffs' injuries and damages to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

15.     Plaintiff, Rebecca Brown, charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common-law negligence and/or violations of the statutes of the state of Arkansas by Defendants, that she is entitled to great damages, including but not limited to:

    a.    Severe and permanent personal injuries and damages, including but not limited to a traumatic brain injury, a right frontotemporal parietal acute/hyperactue subdural hematoma, loss of consciousness, severe headaches and neck trauma;

    b.    Enormous Past and future pain and physical suffering;

    c.    Loss of enjoyment of life;

    d.    Great Fright and shock, including post traumatic stress disorder;

    e.    Large medical expenses, both past and future;

    f.    Permanent impairment to the body as a whole;

    g.    Past and future mental anguish; and

    h.    Out of pocket expenses.

16.     Plaintiff, Shane Perschka, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence and/or violations of the

statutes of the state of Arkansas by Defendants, that he is entitled to damages, including but not limited to:

a. Personal injuries and damages, including but not limited to headaches, a left finger injury, a lumbar spine injury and a left leg injury;

b. Past and future pain and physical suffering;

c. Loss of enjoyment of life;

d. Fright and shock;

e. Medical expenses, both past and future;

f. Property damage;

g. Past and future mental anguish; and

h. Out of pocket expenses.

## **RELIEF**

17. WHEREFORE, Plaintiff, Rebecca Brown, sues Defendants, American Logitran Cargo, Inc., and Roy Irizarry, and seeks a judgment in an amount which will reasonably and sufficiently compensate her for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

18. WHEREFORE, Plaintiff, Shane Perschka, sues Defendants, American Logitran Cargo, Inc., and Roy Irizarry, and seeks a judgment in an amount which will reasonably and sufficiently compensate him for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

19.     Plaintiffs also pray for a trial by jury, the right to recover their costs, interest, the right to amend their complaint to conform to the evidence as it develops, and for all general further and equitable relief that they may be so entitled.

Respectfully submitted,

NAHON SAHAROVICH & TROTZ, PLC

Kevin N. Graham BR #2011-172
Attorneys for Plaintiffs
488 S. Mendenhall
Memphis, TN  38117
Phone:  (901)-462-3331
Facsimile: (901)-746-1567

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

### CIVIL DIVISION

### REBECCA BROWN AND ROBERT PERSCHKA VS. AMERICAN LOGITRAN CARGO, INC. AND ROY IRIZARRY

CASE NO. N2017-129

### THE STATE OF ARKANSAS TO DEFENDANT:

American Logitran Cargo, Inc.;
Serve registered agent for service of process-
Yadwinder Singh, 28537 Wick Rd., Romulus, MI 48174
(or any authorized officer of the company or agent for process)

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on Plaintiff or Plaintiff's attorney, whose name and address are:

Kevin N. Graham
488 South Mendenhall Road
Memphis, TN 38117

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

Additional notices:

Address of Clerk's Office

CIRCUIT COURT OF CRITTENDEN COUNTY
100 Court Street
Marion, AR 72364

CLERK OF COURT
Trena Hayton Clerk
by _____ D.C.

Date: February 27 2017

Case No._____

This summons is for <u>AMERCIAN LOGITRAN CARGO, INC.</u>

### PROOF OF SERVICE

□  I personally delivered the summons and Complaint to the individual at
_____[place] on _____[date]; Or

□  I left the summons and Complaint in the proximity of the individual by
_____[address] with _____[name], a person at least
14 years of age who resides there, on _____[date]; or

□  I delivered the summons and Complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a person at
least 14 years of age who resides there, on _____[date]; or

□  I delivered the summons and Complaint to _____[name of individual], a
agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□  I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I served the
summons and Complaint on the Defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached return receipt.

□  I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I mailed a copy of
the summons and Complaint by First-Class mail to the Defendant together with two copies of a
notice and acknowledgement and received the attached notice and acknowledgment for within
twenty days after the date of mailing.

□  Other [specify];
_____

□ I was unable to execute service because:
_____
_____

My fee is $_____.

To be completed if service is by a sheriff or deputy sheriff:

Date:_____ SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
     [Signature of server]

     _____
     [Printed name, title and badge number]

To be completed if service by a person or other than a sheriff or deputy sheriff:

Date:_____        By:_____
                              [Signature of server]


                           _____
                           [Printed name]


Address:        _____
                _____


Phone:          _____


Subscribed and sworn to before me this date:_____


                                _____
                                Notary Public


My commission expires:_____


Additional information regarding service or attempted service:

_____
_____
_____

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**REBECCA BROWN AND
ROBERT PERSCHKA,**

      **Plaintiffs,**

**vs.**                                             Docket: _____
                                                    **JURY DEMANDED**

**AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY**

      **Defendants.**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
## REQUEST FOR PRODUCTION PROPOUNDED TO DEFENDANT
## AMERICAN LOGITRAN CARGO, INC.

Pursuant to Rules 33 and 34 of Arkansas Civil Procedure, Plaintiffs, Rebecca Brown and Robert Perschka, propound the following First Set of Interrogatories and Request for Production of Documents to your Defendant, American Logitran Cargo, Inc.. Under the terms of said Rule 33, the Answers to such Interrogatories shall be answered separately and fully in writing and under oath. The time specified for the filing of such Answers to these Interrogatories is no later than the first business day after the expiration of forty-five (45) days from the date of service of the Summons and the Complaint.

Further, should you so fail to amend or supplement your answers pursuant to Arkansas Rule of Civil Procedure 26(e)(1) and (e)(2), this party will ask the Court to exclude evidence which you or your attorney might wish to offer relating to such matter.

1

Finally, the words "you" or "your" refer to Defendant, Defendant's attorneys, and Defendant's agents or representatives.

**INTERROGATORY NO. 1:** State the names, telephone number(s), and complete present or last known addresses of all persons known to you, your attorneys, or other representatives who have knowledge of the facts alleged or described in the pleadings or of any facts relevant or material to the issue of liability in this case or with respect to any part of the incident which is the subject of this litigation or with respect to any of the events leading up to or immediately following said incident.  In answering this interrogatory include persons who could testify contrary to your interests.  For each person listed, state briefly the facts of which such persons have knowledge.  PLEASE TAKE NOTICE THAT PLAINTIFFS WILL OBJECT TO ANY INDIVIDUAL TESTIFYING AT TRIAL THAT IS NOT LISTED ON THIS INTERROGATORY.

**INTERROGATORY NO. 2:** State whether your attorneys or anyone acting on your or their behalf obtained or possess statements in any form from any person regarding any relevant or material issue in this case.  If so, for each such statement state the name, telephone number and address of the person from whom such statement was taken; the date on which such statement was taken; the name, address and telephone number of the person and the employer of such person who took such statement; the names and addresses of all persons having a copy of such statement; and, whether such statements were oral, handwritten, typewritten, by recording device or by court reporter.  If oral, please state the substance of said statement.

**REQUEST FOR PRODUCTION NO. 1:** You are requested to produce and attach and attach to your answers to these interrogatories a copy of each such statement.  If you object to producing such statement(s), please fully identify which statements are being withheld and

2

state all legal grounds for your failure to comply with this request.

**INTERROGATORY NO. 3:**  Do you, your attorneys or anyone acting on your or their behalf have or know of any photographs and/or video/audio depictions concerning the events and happenings alleged in the complaint, the scene of the incident, or the areas or persons or vehicles involved, made either before, after or at the time of the events in question?  If so, as to each such photograph and/or video/audio depictions state the date it was taken; the name, address, and telephone number of the person taking it; what each photograph and/or video/audio depiction purports to show, illustrate or represent; and, the name and address of every person having a print or copy of such photograph and/or video/audio depiction.

**REQUEST FOR PRODUCTION NO. 2:**  Please produce and attach to your answers to these interrogatories a copy of each such photograph and/or video/audio depiction.  Please produce and attach to your answers to these interrogatories a print of each and every such photograph and/or video/audio depiction.  If you object to producing each and every such photograph and/or video/audio depiction, please fully identify all such documents being withheld and state any and all legal grounds for your failure to comply with this request.

**INTERROGATORY NO. 4:**  Do you or your attorneys or other representatives have knowledge of any diagram, model and/or drawing of the scene of the incident which is the subject of this litigation?  If so, for each such diagram, model and/or drawing state the date on which such diagram, model or drawing was made; the name, address, and telephone number of the person making such diagram, model or drawing; what the diagram, model and/or drawing

3

purports to show, illustrate or represent; and, the name, telephone number, and address of every person who has a print or copy of such diagram, model and/or drawing.

**REQUEST FOR PRODUCTION NO. 3:**  Please produce and attach to your answers to these interrogatories a copy of each such diagram, model or drawing.  If you object to producing any or all such diagrams, models and/or drawings, please identify which diagrams, models and/or drawings being withheld and state any and all legal grounds for your failure to comply with this request.

**INTERROGATORY NO. 5:**  With reference to this case, state whether any documents, photographs, or exhibits have been lost, altered, or destroyed.

**REQUEST FOR PRODUCTION NO. 4:**  Pursuant to Arkansas Rule of Civil Procedure 26(b)(3), please produce and attach to your answers to these interrogatories a copy of any and all oral or written statements, claims, proof of loss and/or notices of injury in Defendant's possession concerning information obtained <u>directly</u> from  Plaintiffs regarding any material fact concerning the incident as alleged in the complaint.

**INTERROGATORY NO. 6:**  Identify by name, address, and telephone number each person whom you expect to call as an expert witness at the trial of this case. In addition, please state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each such opinion.  PLEASE TAKE NOTICE THAT PLAINTIFF WILL OBJECT TO ANY EXPERT TESTIFYING AT TRIAL THAT IS NOT LISTED ON THIS INTERROGATORY.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce a copy of the curriculum vitae of each expert whom you may call at trial of this matter.

4

**REQUEST FOR PRODUCTION NO. 6**:  Please provide copies of any reports, emails letters, documents, other written communications, notes, and/or medical opinions regarding the incident complained of in Plaintiffs' complaint which have been written by any expert witness whom you or your attorneys plan to call at the trial of this case.

**INTERROGATORY NO. 7:** Please state whether the defendant, Roy Irizarry, was an employee of yours at the time of the collision in question.  Please furnish his social security number, his driver's license number, the state in which he received his driver's license and the exact name of his employer on the date of the subject collision, November 24, 2016.

**REQUEST FOR PRODUCTION NO. 7**:  Please produce all medical cards and/or medical examiner's certificates for Roy Irizarry while employed by you.

**INTERROGATORY NO. 8**: Please state the capacity in which the defendant, Roy Irizarry, was employed by you on November 24, 2016.  Please give the following information relative to his employment:

   a)   Date of employment;

   b)   Job description;

   c)   How Roy Irizarry was paid, whether salary and/or commissioned and his rate of pay;

   d)   Whether or not he was on or about your business at the time of the collision in question; and

   e)   Exactly what his job duties were for you at the time the collision in question occurred.

**INTERROGATORY NO. 9:**  Please state whether you have any knowledge that Defendant, Roy Irizarry, received any tickets, citations or been arrested in the last ten years?  If

5

yes, please state: the specific offense, crime or violation charged to Roy Irizarry; the date of the incident; and the final disposition of the charge.

**INTERROGATORY NO. 10:** Please state whether you retained a driver qualification file, DOT Medical Examination, and/or Medical Examination Report in your company offices for Defendant, Roy Irizarry as codified in §391.51 of the rules and regulations of the Federal Motor Carrier Highway Administration. If so, please list each and every document contained in that file.

**REQUEST FOR PRODUCTION NO. 8:** Please produce a copy of each and every document listed in Roy Irizarry's driver qualification file in response to Interrogatory No. 10.

**INTERROGATORY NO. 11:** Please state whether your company has written rules for its drivers and/or a "Drivers' Manual".

**INTERROGATORY NO. 12:** Please state whether your company is in possession of the bill of lading, freight bill, fuel receipts, or expense invoices generated during the course of the trips which Defendant, Roy Irizarry, had undertaken for the seven days preceding the incident which is the subject of the Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 9:** Please produce a copy of all documents that were identified in your responses to Interrogatories No. 11 & 12.

**INTERROGATORY NO. 13:** Do you require your drivers, including Roy Irizarry, to maintain contact with you while under your authority, when performing activities such as loading, driving, etc., and if so, how often and to whom do they contact?

**INTERROGATORY NO. 14:** Do you provide all drivers, employees and/or representatives with a copy of the Federal Motor Carrier Safety Regulations prior to employment?

**INTERROGATORY NO. 15:**     State whether American Logitran Cargo, Inc., has a safety director.  If so, state his or her name and full title.

**INTERROGATORY NO. 16:** Please list the names, addresses and positions held at American Logitran Cargo, Inc., of any and all personnel involved in dealing with Defendant, Roy Irizarry, on a day to day basis, including but not limited to dispatch and safety personnel.

**INTERROGATORY NO. 17:**     At the time the incident occurred, was Defendant, Roy Irizarry, working solely for, and/or performing services for and on behalf of American Logitran Cargo, Inc., and for no other person or motor carrier?  If you answered this Interrogatory in the negative, please identify the person and/or motor carrier for whom or on whose behalf Defendant, Roy Irizarry, was performing services.

**INTERROGATORY NO. 18:** Has your company ever undergone a Federal Highway Administration (FHWA) compliance review?  If so, please state the date or dates of the review and what rating was assigned.

**REQUEST FOR PRODUCTION NO. 10**:  Please produce a copy of any all documents relative to any FHWA Compliance Review identified in Interrogatory No. 18.

**INTERROGATORY NO. 19:**    Please state whether any drug or alcohol tests were performed by anyone on Defendant, Roy Irizarry, within thirty-two (32) hours before or following the collision complained of by Plaintiffs.  If the answer is yes, please state the name and address of the person and/or facility who administered the test and what were the results.

**REQUEST FOR PRODUCTION NO. 11**:  Please produce a copy of any and all documents related to any alcohol or drug testing that was identified in Interrogatory No. 19.

7

**INTERROGATORY NO. 20:** Did American Logitran Cargo, Inc., perform random drug and alcohol tests on its drivers, including Roy Irizarry?

**INTERROGATORY NO. 21:** Are you in possession of Defendant's, Roy Irizarry, driver logs for the three months prior to and including the date the wreck?

**REQUEST FOR PRODUCTION NO. 12:** Please attach a copy of the logs mentioned in Interrogatory No. 21.

**INTERROGATORY NO. 22:** From the date in which the employment agreement went into effect and Defendant, Roy Irizarry, began driving for American Logitran Cargo, Inc., to the date of the collision which is the subject matter of the Plaintiffs' Complaint, did Defendant, Roy Irizarry, exceed his limitation of hours of service as set forth in the Federal Motor Carrier Safety Regulations? If so, did Defendant, Roy Irizarry receive any written or verbal warning or disciplinary action by personnel from American Logitran Cargo, Inc.,?

**INTERROGATORY NO. 23:** On the date and at the time of the wreck, was Defendant, Roy Irizarry, in violation of any of the Federal Motor Carrier Safety Regulations? If so, please state the precise findings of American Logitran Cargo, Inc., listing all Federal Motor Carrier Safety Regulation violations committed by Defendant, Roy Irizarry, giving for each the regulation number so violated.

**INTERROGATORY NO. 24:** What is your hiring policy concerning the number of collisions a driver may have prior to employment with your company?

**INTERROGATORY NO. 25:** What is your hiring policy concerning the number of traffic citations a driver may have had prior to employment with or by your company?

8

**INTERROGATORY NO. 26:**  What type of criminal background check does American Logitran Cargo, Inc., utilize, if any, on drivers?

**INTERROGATORY NO. 27:**  Were any disciplinary actions imposed against Defendant, Roy Irizarry, by American Logitran Cargo, Inc., for his involvement in the collision which is the subject matter of Plaintiff's Complaint?  If so, please describe the action taken and identify the person taking the action.

**INTERROGATORY NO. 28**: Please state whether you have ever suspended, disciplined, and/or in any way reprimanded your employee, Roy Irizarry, during the time of his employment.

**REQUEST FOR PRODUCTION NO. 13:** Please attach to Plaintiffs' Request for Production of Documents any and all copies of said reprimands and/or disciplinary actions listed in your answer to Interrogatory Number 28.

**REQUEST FOR PRODUCTION NO. 14**: Please attach a complete photocopy of Roy Irizarry's personnel file.

**INTERROGATORY NO. 29**: Please state whether you maintain a file concerning repairs and/or maintenance on the vehicle being operated by Roy Irizarry involved in the collision described in the lawsuit herein.

**INTERROGATORY NO. 30**: Please state whether or not the tractor and/or trailer involved in the collision in question was operating correctly on the date of the collision in question and/or whether same was defective in any manner.  If same was defective, please list each and every defect in said vehicle at the time of the collision in question.

**INTERROGATORY NO. 31:** Please state whether the tractor and/or trailer being operated by Roy Irizarry on the date of the collision in question, was owned and/or leased by you.

**REQUEST FOR PRODUCTION NO 15** : Please attach photocopies of the title to said vehicle, any and all lease agreements relative to aid vehicle and/or any other documents evidencing the ownership of said vehicle at the time of the collision in question.

**REQUEST FOR PRODUCTION NO. 16**: Please attach to Plaintiffs' Request for Production of Documents a photocopy of said file and/or records showing all repairs and maintenance to said vehicle prior to the collision in question. In addition, please give the name, address, and telephone number of the person in whose possession said file is kept.

**INTERROGATORY NO. 32**: Please identify, in chronological order, each place to which Roy Irizarry traveled on the date of the collision. In addition, as to each place, please set forth the name of the company located at said place, if said place is a business, or if the place is a residence, the name of each person living at said residence. In addition, please also list Roy Irizarry's approximate arrival and departure time at each said business and/or residence and state the purpose of said stop at each said place.

**INTERROGATORY NO. 33**: Did the subject tractor-trailer carry any load on the date and time of the collision as alleged in the Complaint? If so, state:

a)      The nature thereof;

b)      The name and address of any persons, businesses, and/or corporations which you were hauling for at the date and time of the collision described in the Complaint;

c)      The name and address of any broker or brokers used to secure the hauling of the load or loads;

d)      The destination or destinations of the load;

e)      Its location in the vehicle;

f)      What happened to it at impact;

10

g)      What injury or damage it caused.

**REQUEST FOR PRODUCTION NO. 17:** Please produce a copy of any and all

documentation including but not limited to contracts, correspondence, electronic communications

including emails, written notes, sales agreements, etc., between Defendant and any persons,

businesses and/or corporations which you were hauling a load for as identified in your response to

Interrogatory Number 19. Please also provide a copy of any all documentation, including

contracts, correspondence, electronic communications including emails, written notes, sales

agreements, etc., between Defendant and any broker or brokers which were used to secure the

hauling of the load or loads described in Interrogatory Number 19. If you object to providing any

or all such documentation, please identify which documents are being withheld and state all legal

grounds for your refusal to produce said document.

**REQUEST FOR PRODUCTION NO. 18:** Please produce copies of all

communications, including but not limited to notes, electronic communications including emails,

and correspondence used to contact Roy Irizarry's previous employers and all responses thereto.

**REQUEST FOR PRODUCTION NO. 19:** Please produce copies of all annual

inspection reports covering your tractor and/or trailer that was involved in the November 24, 2016

collision.

**INTERROGATORY NO. 34:** Please state the name, address and telephone number of

all individuals responsible for the truthfulness and accuracy of these responses.

**INTERROGATORY NO. 35:**      To your knowledge, should any other defendants be

named in order to comport to the allegations as contained in the Complaint? If the answer is

11

in the affirmative, please provide the full correct name and address of any and all such individuals who should be named as a defendant in order to comport to the allegations as contained in the Complaint.

**INTERROGATORY NO. 36**: Have you or anyone else to your knowledge performed any type of surveillance on Plaintiff in this case? If so, as to each surveillance, state the person or persons who conducted the surveillance; the date, time and place of each surveillance; whether any photographs or videotapes were conducted or taken during the surveillance; the location of any such photographs and videotapes and reports or other documents that were created or made as a result of any surveillance.

**REQUEST FOR PRODUCTION NO. 20**: Please produce a copy of any and all documents relative to your response to Interrogatory No. 24, above. In addition, as to each document being withheld due to any privilege or other objection, please fully identify the document being withheld.

**INTERROGATORY NO. 37**: Was the tractor and/or trailer being operated by Roy Irizarry on November 24, 2016 repaired as a result of the subjection collision. If so, please provide the name, address and telephone number of the repair shop(s) where the repairs were performed and describe what was repaired.

**REQUEST FOR PRODUCTION NO. 21**: Please produce a copy of all medical records in your possession regarding any treatment Plaintiffs have received, whether before or after the subject collision.

**REQUEST FOR PRODUCTION NO. 22**: Please produce a copy of all repair estimates, receipts and/or appraisals to the tractor and/or trailer being operated by Roy Irizarry as a result of the subject collision and/or the vehicle being operated by Shane Perschka as a result of

12

the subject collision.

**REQUEST FOR PRODUCTION NO. 23:**   Please produce a true copy of any and all written reports and/or recorded statements given by Roy Irizarry as a result of the subject collision.  If you are objecting to providing any such written report and/or recorded statement, please identify what is being withheld and state all legal grounds for your failure to produce such document.

**REQUEST FOR PRODUCTION NO. 24:**   Please produce a true copy of any and all policies of insurance that were in full force and effect on November 24, 2016 on either the tractor and/or trailer involved in the collision.

**INTERROGATORY NO. 38:**   Please consider the foregoing Interrogatories as continuing and furnish by way of supplemental response such additional information as may hereinafter be acquired which augments or modifies the answers to the foregoing Interrogatories, pursuant to Rule 26(e)(1) and (e)(2) of Arkansas Civil Procedure.  Will you do so?

Respectfully submitted,

NAHON, SAHAROVICH, TROTZ, PLC

Kevin N. Graham, BR #2011-172
Attorney for Plaintiff
488 S. Mendenhall
Memphis, TN  38117
Phone: (901)-462-3331
Facsimile: (901)-746-1567

SERVED WITH SUMMONS
AND COMPLAINT

13

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**REBECCA BROWN AND**
**ROBERT PERSCHKA,**

     **Plaintiffs,**

**vs.**
                                      **Docket:** _____
                                       **JURY DEMANDED**

**AMERICAN LOGITRAN CARGO, INC.,**
**AND ROY IRIZARRY**

     **Defendants.**

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND OTHER THINGS PROPOUNDED BY THE PLAINTIFF TO DEFENDANT ROY IRIZARRY

Pursuant to Rules 33 and 34 of Arkansas Civil Procedure, Plaintiffs, Rebecca Brown and Shane Preschka, propound the following First Set of Interrogatories and Request for Production of Documents to the Defendant, Roy Irizarry. Under the terms of said Rule 33, the Answers to such Interrogatories shall be answered separately and fully in writing and under oath. The time specified for the filing of such Answers to these Interrogatories is no later than the first business day after the expiration of forty-five (45) days from the date of service of the Summons and the Complaint.

Further, should you so fail to amend or supplement your answers pursuant to Arkansas Rule of Civil Procedure 26(e)(1) and (e)(2), this party will ask the Court to exclude evidence which you or your attorney might wish to offer relating to such matter.

Finally, the words "you" or "your" refer to Defendant, Defendant's attorneys, and Defendant's agents or representatives.

INTERROGATORY NO. 1:   State the names, telephone number(s), and complete present or last known addresses of all persons known to you, your attorneys, or other representatives who have knowledge of the facts alleged or described in the pleadings or of any facts relevant or material to the issue of liability, whether leading up to or immediately following said collision, and/or the issue of damages alleged by the Plaintiffs.   In answering this interrogatory, please include persons who could testify contrary to your interests.  PLEASE TAKE NOTICE THAT THE PLAINTIFF WILL OBJECT TO ANY INDIVIDUAL TESTIFYING AT TRIAL WHO IS NOT INCLUDED ON THIS INTERROGATORY.

INTERROGATORY NO. 2:   For each person listed in response to Interrogatory Number 1, state the factual basis of which such persons have knowledge.

INTERROGATORY NO. 3:   To your knowledge, are there any other defendants which should be named to comport with the allegations in the complaint?  If the answer is in the affirmative, please provide the full name and address of each and every defendant which should be named to comport with the allegations in the complaint.

INTERROGATORY NO. 4:   State whether your attorneys or anyone acting on your or their behalf obtained or posses statements in any form from any person including parties to this action regarding the events or happenings that occurred at the scene of the collision referred to in the complaint immediately before, at the time of, or immediately after said collision or otherwise relevant or material to any issue in this case.  If the answer is in the affirmative, please provide the name, telephone number, and address of the person from whom such statement is taken, the

2

date on which such statement was taken, the name, address, and telephone number of the person and employer of such person who took the statement, the names and addresses of all persons having a copy of such statement, and whether such statements were oral, handwritten, typewritten, by recording device, or by court reporter.

REQUEST FOR PRODUCTION NO. 1: You are requested to produce and attach to your answers to these interrogatories a copy of each such statement. If you object to producing such statement(s), please identify which statements are being withheld and state all legal objections for your failure to comply with this request.

INTERROGATORY NO. 5: Do you, your attorneys, or anyone acting in your or their behalf have or know of any photographs, diagrams, models and/or drawings concerning the events and happenings alleged in the complaint, the scene of the collision, and/or the areas or persons or vehicles involved, made either before, after or at the time of the events in question? If the answer is in the affirmative, please state the date it was taken, the name, address, and telephone number of the person taking such photograph, diagram, model, and/ or drawing, what each such photograph purports to show, illustrate or represent, and the name and address of every person having a print or copy of such photograph.

REQUEST FOR PRODUCTION NO. 2: Please produce and attach to your answers to these interrogatories a print of each and every such photograph, diagram, model and/or drawing. If you object to producing any and/or all such photograph(s), diagram(s), model(s) and/or drawing(s), please identify each photograph, diagram, model and drawing being withheld and state any and all legal objections for your failure to comply with this request.

INTERROGATORY NO. 6: Identify by name, address and telephone number each person whom you expect to call as an expert witness at the trial of this case. In addition, please

3

state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds for each such opinion.

REQUEST FOR PRODUCTION NO. 3:     Please produce and attach to your answers a copy of the curriculum vitae of each person with whom you expect to call as an expert witness in this case.

REQUEST FOR PRODUCTION NO. 4:     Pursuant to Arkansas Rule of Civil Procedure 26(b)(3), please produce and attach to your answers to these interrogatories a copy of any and all oral or written statements, claims, proof of loss and/or notices of injury in the Defendant's possession concerning information obtained directly from the Plaintiff regarding any material fact concerning the incident as alleged in the complaint.

REQUEST FOR PRODUCTION NO. 5:     Please produce and attach to your answers to these interrogatories a copy of any and all medical records in Defendant's possession regarding the physical condition of Plaintiffs.

INTERROGATORY NO. 7:  Please state whether you have ever been convicted of a crime, whether a felony or misdemeanor.  If the answer is in the affirmative please state the crime(s) of which you have been convicted, the date of the conviction(s), and the penalties received.

INTERROGATORY NO. 8:  Please state whether you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and as to each and every lawsuit, state whether you were a plaintiff or defendant, the nature of the action, the docket number, and the date and court in which suit was filed.

4

INTERROGATORY NO. 9: Other than the lawsuits previously identified in Interrogatory number 8 above, have you ever filed a claim against an insurance company for personal injuries, workers' compensation benefits, or property damage? If the answer is in the affirmative, as to each and every such claim, please state the name of the insurance carrier the claim was made, the claim number, the insurance adjuster's name and address that handled the claim, the nature of the claim, and the monetary sum received.

INTERROGATORY NO. 10: Please state your full legal name, date of birth, place of birth, current address, current place of employment, driver's license number and social security number.

INTERROGATORY NO. 11: Do you wear glasses, contact lenses or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes last examined and what is the name and address of the examiner?

REQUEST FOR PRODUCTION NO. 6: Please produce a copy of any and all police investigative reports regarding the automobile collision.

INTERROGATORY NO. 12: Were you suffering from any physical infirmity, disability or sickness at the time of the occurrence of the collision described in the Complaint? If so, what was the nature of the infirmity, disability or sickness and what is the name and address of the physician or physicians treating you for the infirmity, disability or sickness?

INTERROGATORY NO. 13: Did any mechanical defect in the tractor-trailer which you were operating at the time of the collision described in the complaint contribute to the collision? If so, describe the nature of the defect and how it contributed to the collision.

INTERROGATORY NO. 14: List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the

5

tractor-trailer being operated by you at the time of the collision described in the complaint, and describe both the nature of the ownership interest or right to control the tractor-trailer, and the tractor-trailer itself, including the make, model, year and vehicle identification number.

INTERROGATORY NO. 15: At the time of the collision described in the complaint, did you have permission to drive the tractor-trailer?

INTERROGATORY NO. 16: At the time of the collision described in the complaint, were you engaged in the mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

INTERROGATORY NO. 17: Please state your activities in the previous twenty-four (24) hour time period prior to the collision described in the complaint.

INTERROGATORY NO. 18: Please state whether you, within the twenty-four (24) hour period prior to the collision described in the complaint, consumed or imbibed any alcohol, or other prescription or illegal drug. If the answer in the affirmative, please describe the quantity imbibed or consumed and when and where you consumed them.

INTERROGATORY NO. 19: With reference to this case please state whether any documents, photographs, or exhibits have been lost, altered or destroyed. If the answer is in the affirmative, please describe in as much detail as possible the substance of the document, photograph and/or exhibit that was lost, altered and/or destroyed.

REQUEST FOR PRODUCTION NO. 7: Please produce a copy of any and all reports from expert witnesses previously identified in Interrogatory Number Six.

INTERROGATORY NO. 20: Please fully and completely state in your own words how

6

the collision which is the subject of this lawsuit occurred.

INTERROGATORY NO. 21:   Did you posses or own a cellular telephone and/or other wireless digital communication device at the time of the collision described in the complaint herein?  If the answer is in the affirmative, please state the name of the cellular phone provider and provide your cellular phone number.

REQUEST FOR PRODUCTION NO. 8:   You are requested to provide a printout from your cellular phone provider and/or other wireless digital communication device listing the numbers called and/or messages texted, as well as the time placed of all calls and text messages made on the date of the collision described in the Complaint.

INTERROGATORY NO. 22:  Please list the name, address and phone number of all employers for the past ten years.  As to each employer, please provide the dates of employment, your job title, your supervisor and the reason or reasons that the employment ended.

REQUEST FOR PRODUCTION NO. 9:  Please provide a copy of your medical card that was in effect on the date of the collision, November 24, 2016.

INTERROGATORY NO. 23:   Has your commercial driver's license ever been suspended, canceled, and/or revoked for any reason?  If the answer is in the affirmative, please provide the date of each such suspension, the reason or reasons for such suspension and the date of reinstatement of each such incident.

REQUEST FOR PRODUCTION NO. 10:  Please produce a front and back copy of your commercial driver's license.

INTERROGATORY NO. 24:   Did you have to provide a written report and/or recorded statement to any employee, agent and/or representative acting on behalf of American Logitran Cargo, Inc., or their liability insurance carrier?  If so, please identify the person, date, and

7

approximate time and length of each such written report and/or recorded statement provided.

INTERROGATORY NO. 25:   If Plaintiffs do not file an objection within ten (10) days to a subpoena that is directed toward the custodian of records of a specific medical provider which treated Plaintiffs, does Defendant agree to provide Plaintiffs, through their attorney of record, a true and complete copy of all records received pursuant to the subpoena within fifteen (15) days of receipt by the Defendant or the Defendant's agent?

INTERROGATORY NO. 26:   Please consider the foregoing Interrogatories as continuing and furnish by way of supplemental response such additional information as may hereinafter be acquired which augments or modifies the answers to the foregoing Interrogatories, pursuant to Rule 26(e)(1) and (e)(2) of Arkansas Civil Procedure.  Will you do so?

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

Kevin N. Graham, (AR BR 2011-172)
Attorney for Plaintiff
488 South Mendenhall Rd.
Memphis, TN  38117
(901) 462-3331 (telephone)
(901) 746-1567 (facsimile)

8

SERVED WITH SUMMONS AND COMPLAINT

_____
Kevin N. Graham

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

REBECCA BROWN AND
SHANE PERSCHKA,

     **Plaintiffs,**

vs.

                                   **Docket: CV 2017-129**
                                   **JURY DEMANDED**

AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY

     **Defendants.**

### FIRST AMENDED COMPLAINT AT LAW

COME NOW your Plaintiffs, Rebecca Brown and Shane Perschka, by and through their

attorneys, Nahon, Saharovich & Trotz, PLC, and file this First Amended Complaint against your

Defendants, American Logitran Cargo, Inc. and Roy Irizarry, and in support thereof state the

following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1.     Plaintiffs, Rebecca Brown and Shane Perschka, are adult Arkansas residents of

Marion, Crittenden County.

2.     Defendant, American Logitran Cargo, Inc., upon information and belief, is a

Michigan Corporation and is an interstate motor carrier doing business in the state of Arkansas.

Additionally, this Defendant has a registered agent for service of process, Yadwinder Singh,

located at 28537 Wick Road, Romulus, Michigan.

3.     The Defendant, Roy Irizarry, upon information and belief, is a resident of Gillette, Campbell County, Wyoming, and at all times pertinent hereto was the employee, agent and/or servant of the Defendant, American Logitran Cargo, Inc.

4.     This cause of action arises out of events resulting from an automobile versus tractor-trailer collision which occurred in West Memphis, Crittenden County, Arkansas. Jurisdiction, venue and service of process are thus proper with this court.

## FACTS

5.     On or about November 24, 2016, at approximately 3:00 PM, Plaintiff, Rebecca Brown, was a passenger in a 1996 Chevrolet S-10/T-10 pick-up truck, being operated by Plaintiff, Shane Perschka, in the right hand westbound lane of Interstate 40 in West Memphis, Crittenden County, Arkansas.

6.     At the same time, Defendant, Roy Irizarry, was operating a 2012 Freightliner tractor-trailer, bearing Michigan license plate number RB40784 and United States Department of Transportation Number 1063821, also in the right hand westbound lane of Interstate 40 in West Memphis, Crittenden County, Arkansas.  Upon information and belief, the 2012 Freightliner tractor-trailer was solely owned by Defendant, American Logitran Cargo, Inc.

7.     As Shane Perschka was carefully operating his truck with his emergency flashers on, he was suddenly and without warning violently struck in the rear by the front of Defendants' tractor-trailer at a high rate of speed.

8.     As a direct and proximate result of the violent collision, Rebecca Brown sustained severe personal injuries and Shane Perschka sustained injuries and property damage to his truck.

9. At all times relevant hereto, Plaintiffs were exercising care and caution for her safety and for the safety of others properly on the aforesaid roadway.

## RESPONDEAT/SUPERIOR

10. Plaintiffs charge and allege that the 2012 Freightliner tractor-trailer operated by Co-Defendant, Roy Irizarry, was solely owned by Co-Defendant, American Logitran Cargo Inc. In addition, Roy Irizarry was the agent, servant, and/or employee of the Co-Defendant, American Logitran Cargo, Inc., and that because Co-Defendant, Roy Irizarry, was on or about the business of Co-Defendant, American Logitran Cargo, Inc., on November 24, 106, the Co-Defendant, American Logitran Cargo, Inc. is vicariously and equally liable for the negligent and tortious acts and/or omissions of Roy Irizarry pursuant to the respondeat superior doctrine of tort liability.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

11. Plaintiffs charge and allege that the Defendant, Roy Irizarry, is guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

(a) Failing to maintain a proper lookout ahead;

(b) Failing to maintain proper control of the tractor-trailer under the existing circumstances;

(c) Failing to devote full time and attention to the operation of the tractor-trailer;

(d) Failing to use the degree of care and caution that was required under the circumstances;

(e) Failing to operate the tractor-trailer at a safe speed for the circumstances then and there existing;

(f) Failing to keep the tractor-trailer under control; and

(g) Failing to exercise ordinary care at the time of the collision.

12.     Plaintiffs charge and allege that at the time of the collision in question, the following statutes of the State of Arkansas were in full force and effect and were violated by Defendant, Roy Irizarry, to wit:

*Section 27-50-308: Reckless driving.*
(a) *Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.*

*Section 27-51-104. Careless and prohibited driving.*
(a) *It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.*
(b) *It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:*
    *(1)Improper or unsafe lane changes on public roadways.*

*Section 27-51-201: Speed Limitations generally.*
(a)(1) *No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.*
(2) *In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with the legal requirement and duty of all persons to use due care.*

*Section 27-51-305: Following too closely.*
(a) *The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of vehicles and the traffic and condition of the highway.*
(b)(1) *The driver of any motor truck or any motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within two hundred (200') of another motor vehicle.*

13.     Plaintiffs further charge and allege that your Defendants, American Logitran Cargo, Inc., and Roy Irizarry, are subject to the rules and regulations of the Federal Motor Carrier Safety Act and reserve the right to amend their Complaint to add any such violation of the FMCSA by these Defendants as discovery develops.

4

## PROXIMATE CAUSE

14.     Plaintiffs charge and allege that one, some or all of the aforesaid acts of common law negligence and/or violations of the statutes of the State of Arkansas were the direct and proximate cause of the collision at issue and the Plaintiffs' injuries and damages to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

15.     Plaintiff, Rebecca Brown, charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common-law negligence and/or violations of the statutes of the state of Arkansas by Defendants, that she is entitled to great damages, including but not limited to:

a.     Severe and permanent personal injuries and damages, including but not limited to a traumatic brain injury, a right frontotemporal parietal acute/hyperactue subdural hematoma, loss of consciousness, severe headaches and neck trauma;

b.     Enormous Past and future pain and physical suffering;

c.     Loss of enjoyment of life;

d.     Great Fright and shock, including post traumatic stress disorder;

e.     Large medical expenses, both past and future;

f.     Permanent impairment to the body as a whole;

g.     Past and future mental anguish; and

h.     Out of pocket expenses.

16.     Plaintiff, Shane Perschka, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence and/or violations of the

statutes of the state of Arkansas by Defendants, that he is entitled to damages, including but not limited to:

    a.    Personal injuries and damages, including but not limited to headaches, a left finger injury, a lumbar spine injury and a left leg injury;

    b.    Past and future pain and physical suffering;

    c.    Loss of enjoyment of life;

    d.    Fright and shock;

    e.    Medical expenses, both past and future;

    f.    Property damage;

    g.    Past and future mental anguish; and

    h.    Out of pocket expenses.

**RELIEF**

17.    WHEREFORE, Plaintiff, Rebecca Brown, sues Defendants, American Logitran Cargo, Inc., and Roy Irizarry, and seeks a judgment in an amount which will reasonably and sufficiently compensate her for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

18.    WHEREFORE, Plaintiff, Shane Perschka, sues Defendants, American Logitran Cargo, Inc., and Roy Irizarry, and seeks a judgment in an amount which will reasonably and sufficiently compensate him for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

19.     Plaintiffs also pray for a trial by jury, the right to recover their costs, interest, the right to amend their complaint to conform to the evidence as it develops, and for all general further and equitable relief that they may be so entitled.

                              Respectfully submitted,

                              NAHON SAHAROVICH & TROTZ, PLC

                              Kevin N. Graham BR #2011-172
                              Attorneys for Plaintiffs
                              488 S. Mendenhall
                              Memphis, TN 38117
                              Phone: (901)-462-3331
                              Facsimile: (901)-746-1567

# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

## CIVIL DIVISION

## REBECCA BROWN AND SHANE PERSCHKA VS. AMERICAN LOGITRAN CARGO, INC, AND ROY IRIZARRY

### CASE NO. CV-2017-129

## THE STATE OF ARKANSAS TO DEFENDANT:

American Logitran Cargo, Inc.,
Serve registered agent for service of process-
Yadwinder Singh, 28537 Wick Rd., Romulus, MI  48174
(or any authorized officer of the company or agent for process)

A lawsuit has been filed against you.  The relief demanded is stated in the attached Complaint.  Within 30 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas -- you must file with the clerk of this court a written answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on Plaintiff or Plaintiff's attorney, whose name and address are:

Kevin N. Graham
488 South Mendenhall Road
Memphis, TN  38117

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

Additional notices:

Address of Clerk's Office

CIRCUIT COURT OF CRITTENDEN COUNTY
100 Court Street
Marion, AR  72364

CLERK OF COURT

Date: March 1, 2017

Case No. _____

This summons is for AMERCIAN LOGITRAN CARGO, INC.

## PROOF OF SERVICE

□ I personally delivered the summons and Complaint to the individual at
_____[place] on _____[date]; Or

□ I left the summons and Complaint in the proximity of the individual by
_____[address] with _____[name], a person at least
14 years of age who resides there, on _____[date]; or

□ I delivered the summons and Complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a person at
least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and Complaint to _____[name of individual], a
agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I served the
summons and Complaint on the Defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached return receipt.

□ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I mailed a copy of
the summons and Complaint by First-Class mail to the Defendant together with two copies of a
notice and acknowledgement and received the attached notice and acknowledgment for within
twenty days after the date of mailing.

□ Other [specify];
_____

□ I was unable to execute service because:
_____
_____

My fee is $_____.

To be completed if service is by a sheriff or deputy sheriff:

Date:_____ SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
[Signature of server]

_____
[Printed name, title and badge number]

To be completed if service by a person or other than a sheriff or deputy sheriff:

Date:_____    By:_____
                              [Signature of server]

                              _____
                              [Printed name]

Address:      _____
              _____

Phone:        _____

Subscribed and sworn to before me this date:_____

                              _____
                              Notary Public

My commission expires:_____

Additional information regarding service or attempted service:

_____
_____
_____

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

### CIVIL DIVISION

### REBECCA BROWN AND SHANE PERSCHKA VS. AMERICAN LOGITRAN CARGO, INC. AND ROY IRIZARRY

**CASE NO. CV-2017-129**

**THE STATE OF ARKANSAS TO DEFENDANT:**

ROY IRIZARRY,
1910 Chestnut Circle
Gillette, WY  82718 (or anywhere to be found)

A lawsuit has been filed against you.  The relief demanded is stated in the attached Complaint.  Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on Plaintiff or Plaintiff's attorney, whose name and address are:

Kevin N. Graham
488 South Mendenhall Road
Memphis, TN  38117

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

Additional notices:

Address of Clerk's Office

CIRCUIT COURT OF CRITTENDEN COUNTY
100 Court Street
Marion, AR  72364

CLERK OF COURT _Terry Hawkins, Clerk_

by _Carla Duffell, D.C._

Date: _March 1, 2017_

Case No._____

This summons is for <u>ROY IRIZARRY</u>

# PROOF OF SERVICE

☐ I personally delivered the summons and Complaint to the individual at
_____ [place] on _____[date]; Or

☐ I left the summons and Complaint in the proximity of the individual by
_____ [address] with _____[name], a person
at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and Complaint at the individual's dwelling house or usual
place of abode at _____[address] with _____[name],
a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and Complaint to _____[name of
individual], a agent authorized by appointment or by law to receive service of summons
on behalf of _____[name of defendant] on _____.[date]; or

☐ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I served
the summons and Complaint on the Defendant by certified mail, return receipt
requested, restricted delivery, as shown by the attached return receipt.

☐ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I mailed a
copy of the summons and Complaint by First-Class mail to the Defendant together with
two copies of a notice and acknowledgement and received the attached notice and
acknowledgment for within twenty days after the date of mailing.

☐ Other [specify];

_____

☐ I was unable to execute service because:

_____
_____

My fee is $_____.

To be completed if service is by a sheriff or deputy sheriff:

Date:_____     SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
 [Signature of server]


_____
[Printed name, title and badge number]

To be completed if service by a person or other than a sheriff or deputy sheriff:

Date:_____        By:_____
                                  [Signature of server]

                             _____
                                  [Printed name]

Address:        _____
                _____

Phone:          _____

Subscribed and sworn to before me this date:_____

                             _____
                                  Notary Public

My commission expires:_____

Additional information regarding service or attempted service:

_____
_____

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

REBECCA BROWN AND
SHANE PERSCHKA,

     Plaintiffs,

vs.

AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY

     Defendants.

Docket: CV 2017-129
JURY DEMANDED

FILED

---

**MOTION FOR ADMISSION *PRO HAC VICE* OF DEREK FAIRCHILDS**

---

     Kevin N. Graham, a member in good standing of the Arkansas Bar Association and

licensed to practice before all Courts in Arkansas, moves this Court for an Order admitting to

practice in this Honorable Court *pro hac vice* Derek Fairchilds, an attorney with the law firm

Nahon, Saharovich & Trotz, as co-counsel for the Plaintiffs in this cause of action, and would

respectfully show unto this Honorable Court the following with respect to such applicant:

     1.     Derek Fairchilds is an attorney practicing in the law firm of Nahon, Saharovich &

Trotz, 488 South Mendenhall, Memphis, Tennessee 38117, Phone (901) 259-0415, Fax (901)

746-1543, who is employed to represent the Plaintiffs in this action.

     2.     The undersigned counsel, whose office location and telephone numbers have been

shown below, has been designated as co-counsel for the Plaintiffs in this case.

     3.     Derek Fairchilds was admitted to practice law in the State of Tennessee in 2005

and the State of Mississippi in 2014. He is a member in good standing of the Tennessee Bar and

the Mississippi Bar. His email address is dfairchilds@nstlaw.com. He resides at 725 Shady

1

Grove Road S, Memphis, Tennessee. His cellular phone number is (901) 258-3011.

4.     There are no grievances or criminal matters pending against Mr. Fairchilds and he has never been disciplined, suspended, disbarred or resigned from the practice of law nor denied the privilege of practicing before any Court. He does not have a criminal record.

5.     Mr. Fairchilds is a resident of the State of Tennessee, and the State of Tennessee accords attorneys from the sister state of Arkansas comity and courtesy to appear and conduct cases in the Courts of the State of Tennessee under Rule 19 Tenn. Sup. Ct. Rules, *Appearance Pro Hac Vice in the Trial and Appellate Courts of Tennessee by Lawyers Not Licensed to Practice Law in Tennessee* and Rule 5.5 of the *Tennessee Rules of Professional Conduct*.

6.     Mr. Fairchilds has read and will comply with the Local Rules of this Court and agrees to be subject to all rules of the Courts of Arkansas. He understands that he is being admitted for the limited purpose of appearing in this case styled-above, only.

7.     The Verified Application of Derek Fairchilds is attached to this Motion as "Exhibit A" and incorporated herein by reference.

**WHEREFORE,** Kevin N. Graham  prays that this Court issue an Order admitting *Pro Hac Vice* Derek Fairchilds to practice before this Honorable Court in this action as co-counsel for the Plaintiffs.

Respectfully submitted,

NAHON SAHAROVICH & TROTZ, PLC

Kevin N. Graham BR #2011-172
Attorney for Plaintiffs
488 S. Mendenhall
Memphis, TN 38117
Phone: (901)-462-3331
Facsimile: (901)-746-1567

2

To be completed if service by a person or other than a sheriff or deputy sheriff:

Date: __March 17, 2017__    By: _~Denise Miller~_
[Signature of server]

Denise Miller Process server
[Printed name]

Address:    Miller & Associates Process Servers LLC. 36500 Ford Rd. ste 118
Westland MI, 48185

Phone:    734-658-0220

Subscribed and sworn to before me this date: __3 - 17 - 17__

ROBERT PARK
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Comm. Exp. 4/18/2020
Acting In the County of __Wayne__
Date __3-17-17__

_~signature~_
Notary Public

My commission expires: __4-19-2020__

Additional information regarding service or attempted service:
Chuck Mcpherson is the vice president of American Logitran Cargo Inc.
28745 Wick Rd Romulus MI, 48174

# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

## CIVIL DIVISION

## REBECCA BROWN AND SHANE PERSCHKA VS. AMERICAN LOGITRAN CARGO, INC, AND ROY IRIZARRY

### CASE NO. CV-2017-129

THE STATE OF ARKANSAS TO DEFENDANT:

American Logitran Cargo, Inc.,
Serve registered agent for service of process-
Yadwinder Singh, 28537 Wick Rd., Romulus, MI 48174
(or any authorized officer of the company or agent for process)

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas -- you must file with the clerk of this court a written answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on Plaintiff or Plaintiff's attorney, whose name and address are:

Kevin N. Graham
488 South Mendenhall Road
Memphis, TN 38117

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

Additional notices:


Address of Clerk's Office

CIRCUIT COURT OF CRITTENDEN COUNTY
100 Court Street
Marion, AR 72364

CLERK OF COURT

Date: March 1, 2017


Case No._____

This summons is for <u>AMERCIAN LOGITRAN CARGO, INC.</u>

## PROOF OF SERVICE

☐ I personally delivered the summons and Complaint to the individual at
_____[place] on _____[date]; Or

☐ I left the summons and Complaint in the proximity of the individual by
_____[address] with _____[name], a person at least
14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and Complaint at the individual's dwelling house or usual place of
abode at_____[address] with _____[name], a person at
least 14 years of age who resides there, on _____[date]; or

✗ I delivered the summons and Complaint to <u>Chuck Mcphersona</u>   [name of individual], a
agent authorized by appointment or by law to receive service of summons on behalf of
Ameri<u>can Logitran Cargo, Inc</u>   [name of defendant] on <u>3/17/2017</u>   [date]; or  3:40 pm

☐ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I served the
summons and Complaint on the Defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached return receipt.

☐ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit, and I mailed a copy of
the summons and Complaint by First-Class mail to the Defendant together with two copies of a
notice and acknowledgement and received the attached notice and acknowledgment for within
twenty days after the date of mailing.

☐ Other [specify];
_____

☐ I was unable to execute service because:
_____
_____

My fee is $_____.

To be completed if service is by a sheriff or deputy sheriff:

Date:_____ SHERIFF OF _____ COUNTY, ARKANSAS

By:_____
[Signature of server]

_____
[Printed name, title and badge number]

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FIRST DIVISION

FILED
2017 APR 12 PM 1:20
TERRY HAWKINS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY AR

REBECCA BROWN AND
SHANE PERSCHKA                                                    PLAINTIFFS

V.                              NO. 18CV-17-129

AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY                                                 DEFENDANTS

### ANSWER TO FIRST AMENDED COMPLAINT AT LAW

COME NOW Defendants, American Logitran Cargo, Inc. and Roy Irizarry

("Defendants"), by and through their attorneys, Barber Law Firm PLLC, and for their Answer to

the First Amended Complaint of Plaintiffs, Rebecca Brown and Shane Perschka, state:

1.      That Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained within Paragraph 1 of Plaintiffs' First Amended

Complaint and, therefore, deny the same;

2.      That, in response to Paragraph 2 of Plaintiffs' First Amended Complaint, it is

admitted that American Logitran Cargo, Inc. is a Michigan Corporation with Yadwinder Dhillon

as the registered agent for service. The remaining allegations contained in Paragraph 2 are

denied;

3.      That, in response to Paragraph 3 of Plaintiffs' First Amended Complaint, it is

admitted that Roy Irizarry is a resident of Wyoming. The remaining allegations contained in

Paragraph 3 are denied;

4.      That, in response to Paragraph 4, Defendants admit an automobile accident occurred in West Memphis, Arkansas. The remaining allegations contained in Paragraph 4 are denied;

5.      That Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiffs' First Amended Complaint and, therefore, deny the same;

6.      That, in response to Paragraph 6, Defendants admit that Roy Irizarry was operating a tractor trailer. The remaining allegations contained in Paragraph 6 are denied;

7.      That Defendants deny the allegations in Paragraph 7;

8.      That Defendants deny the allegations in Paragraph 8;

9.      That Defendants deny the allegations in Paragraph 9;

10.     That Defendants deny the allegations in Paragraph 10;

11.     That Defendants deny the allegations in Paragraph 11, including all subparts;

12.     That Defendants deny any allegation of wrongdoing contained in Paragraph 12. Defendants additionally state that the Arkansas statutes speak for themselves.  Any remaining allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint are hereby denied;

13.     That Defendants deny any allegation of wrongdoing contained in Paragraph 13;

14.     That Defendants deny the allegations in Paragraph 14;

15.     That Defendants deny the allegations in Paragraph 15, including all subparts;

16.     That Defendants deny the allegations in Paragraph 16, including all subparts;

17.     That, in response to Paragraph 17, Defendants deny Plaintiff is entitled to the relief sought;

18.     That, in response to Paragraph 18, Defendants deny Plaintiff is entitled to the relief sought;

19.     That, in response to Paragraph 19, Defendants deny Plaintiff is entitled to the relief sought;

20.     That Defendants deny all material allegations contained within Plaintiffs' First Amended Complaint not, specifically, admitted herein;

## AFFIRMATIVE DEFENSES

21.     That, pleading affirmatively, Plaintiffs' First Amended Complaint should be dismissed pursuant to Ark. R. Civ. P. Rule 12 (b)(6) for failure to state facts upon which relief may be granted;

22.     That, pleading affirmatively, Plaintiffs' First Amended Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process, respectively;

23.     That, pleading affirmatively, Plaintiffs' First Amended Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(1), (2) and (3) for lack of jurisdiction over the subject matter and person and improper venue;

24.     That, pleading affirmatively, Defendants state any and all injuries allegedly sustained by Plaintiffs were proximately caused by Plaintiffs' negligence in failing to exercise ordinary care under the circumstances as they existed at all times pertinent hereto and such negligence serves as a complete bar to any recovery Plaintiffs might have, or, in the alternative, diminishes their recovery by Plaintiffs' pro rata share of fault;

25.     That, pleading affirmatively, Defendants state Plaintiff Shane Perschka, as a driver of the vehicle, was contributorily at fault in proximately causing the accident and the damages

sustained by Plaintiff Rebecca Brown for failing to exercise ordinary care for his safety and for the safety of others using the roadway under the circumstances.  As a result of Plaintiff Shane Perschka's negligence proximately caused the accident, and Defendants are entitled to comparison of fault, contribution and indemnity as to the claims asserted against Defendants by Plaintiff Rebecca Brown; and apportionment of fault as to the claims asserted against Defendants by Plaintiff Rebecca Brown;

26.     That Defendants affirmatively plead applicability of the Civil Justice Reform Act of 2003, including Ark. Code Ann. § 16-55-201, Act 1116 of 2013, Acts of Arkansas, and revisions to Rules 9, 49 and 52 of the Arkansas Rules of Civil Procedure as set forth in the August 7, 2014 Per Curiam Order of the Arkansas Supreme Court, and state Defendants may be held liable only for the amount of damages, if any, allocated to Defendants in direct proportion to their individual and several percentage of total fault, if any, all of which liability is expressly denied;

27.     That, pleading affirmatively, Defendants state that, if Plaintiffs were damaged as alleged in the First Amended Complaint, which Defendants specifically deny, that such alleged damages were proximately caused by and were solely the result of fault on the part of third parties over whom Defendants had and exercised no control and for whose fault and/or omissions Defendants are not liable.  Further, Defendants state that the fault and/or omissions of said third parties is sufficiently great to constitute an independent, intervening, or superceding proximate cause, thereby relieving Defendants of any responsibility to Plaintiffs herein;

28.     Defendants specifically allege that other persons or entities, not yet identified and over whom Defendants had no control, may have proximately caused Plaintiffs' damages, if any, due to their negligence or fault.  In the event that Defendants determine that any other person or

4

entity may be at fault for the alleged damages referenced in Plaintiffs' First Amended Complaint, Defendants reserve the right to amend their Answer to seek an apportionment of fault from such persons or entities including, but in no way limited to, the placement of the name on the verdict form pursuant to Ark. R. Civ. P. 9(h) and 49;

29.     That, pleading affirmatively, Defendants plead any and all defenses which may be applicable pursuant to Ark. R. Civ. P. Rule 8(c), including, but not limited to, comparative fault, contributory negligence, estoppel, laches, payment, release, statute of limitations, and waiver;

30.     That Defendants reserve the right to amend their Answer herein and plead further pending the completion of discovery;

## JURY DEMAND

31.     That Defendants respectfully request a trial by jury on all issues of fact arising herein;

WHEREFORE, Defendants, American Logitran Cargo, Inc. and Roy Irizarry, pray the First Amended Complaint of Plaintiffs be dismissed; for their attorneys' fees and costs expended herein; for a trial by jury on all issues of fact arising herein; and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  malexander@barberlawfirm.com


BY:     _____
Micheal L. Alexander, AR BIN 80002

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 12th day of April, 2017, via electronic and regular mail upon Plaintiff's counsel:

kgraham@nstlaw.com
Kevin N. Graham, Esq.
Nahon Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee 38117

_____
Micheal L. Alexander

FILED
2017 APR 12 PM 1:
TERRY HAWKINS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY AR

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FIRST DIVISION

REBECCA BROWN AND
SHANE PERSCHKA                                                    PLAINTIFFS

V.                              NO. 18CV-17-129

AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY                                                  DEFENDANTS

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Notice is hereby given that Defendants, American Logitran Cargo, Inc. and Roy Irizarry

filed a Notice of Removal to the United States District Court for the Eastern District of

Arkansas, Jonesboro Division.   Accordingly, this action has been removed from the Circuit

Court of Crittenden County, Arkansas to the United States District Court for the Eastern

District of Arkansas for trial and determination of all issues.   A copy of the Notice of Removal

filed with the United States District Clerk for the Eastern District of Arkansas, attached hereto

as Exhibit A.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email: malexander@barberlawfirm.com

BY: _____
Micheal L. Alexander, AR BIN 80002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 12th day of April, 2017, via electronic and regular mail upon Plaintiff's counsel:

kgraham@nstlaw.com
Kevin N. Graham, Esq.
Nahon Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee 38117

_____
Micheal L. Alexander

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

REBECCA BROWN AND
SHANE PERSCHKA                                                    PLAINTIFFS


V.                          NO. _____


AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY                                                 DEFENDANTS

## NOTICE OF REMOVAL

COME NOW Defendants, American Logitran Cargo, Inc. and Roy Irizarry

("Defendants"), by and through their attorneys, Barber Law Firm PLLC and for their Notice of

Removal, state:

1.      Plaintiff filed his Complaint against Defendants in the Circuit Court of Crittenden

County, Arkansas on March 1, 2017. This Complaint is styled, *Rebecca Brown and Shane

Perschka v. American Logitran Cargo, Inc. and Roy Irizzary*, Crittenden County Circuit Case No.

18CV-17-129.

2.      Rebecca Brown is an individual residing in Crittenden County, Arkansas. Ms.

Brown therefore, is a resident and citizen of Arkansas for the purposes of diversity jurisdiction.

3.      Shane Perschka is an individual residing in Crittenden County, Arkansas. Mr.

Perschka therefore, is a resident and citizen of Arkansas for the purposes of diversity jurisdiction.

4.      American Logitran Cargo, Inc. is a foreign corporation with its domicile in

Michigan. American Logitran Cargo, Inc., therefore, is a resident of Michigan for the purposes of

diversity jurisdiction.

**EXHIBIT**

A

5.      Roy Irizarry is an individual residing in Campbell County, Wyoming.  Mr. Irizarry therefore, is a resident and citizen of Wyoming for the purposes of diversity jurisdiction.

6.      This matter arises out of an automobile accident which occurred on or about November 24, 2016 in West Memphis, Crittenden County, Arkansas.  Plaintiffs filed their Complaint as the result of the accident, and the Plaintiffs seek to recover an amount "which exceeds the minimum amount for federal diversity jurisdiction." (See Plaintiffs' First Amended Complaint at Law).

7.      The United States District Court for the Eastern District of Arkansas, Jonesboro Division, has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332.  Specifically, the civil action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

8.      Defendants hereby provide notice of the removal of the above-referenced state-court action to the United States District Court for the Eastern District of Arkansas, Jonesboro Division, pursuant to 28 U.S.C. §§ 1441 and 1446.

9.      In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached as Exhibit "A".

10.      Defendant, American Logitran Cargo, Inc., was served on or about March 17, 2017. Defendant, Roy Irizarry, was served on or about April 8, 2017.  Defendants, therefore, are filing this Notice of Removal within thirty (30) days of actual service of the Summons and First Amended Complaint.

11.      In compliance with 28 U.S.C. § 1446(d), Defendants are filing a written Notice to the Crittenden County Circuit Clerk and Notice to Plaintiffs with the Circuit Clerk of Crittenden County, Arkansas.  The notice is attached hereto as Exhibits "B".

2

12.    Defendants request a trial by jury.

WHEREFORE, Defendants, American Logitran Cargo, Inc. and Roy Irizarry, pray the action now pending in the Circuit Court of Crittenden County, Arkansas be removed therefrom to the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  malexander@barberlawfirm.com

BY:    _____

Micheal L. Alexander, AR BIN 80002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this, the 12th day of April, 2017, via electronic and regular mail upon Plaintiffs' counsel:

kgraham@nstlaw.com
Kevin N. Graham, Esq.
Nahon Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee 38117

_____
Micheal L. Alexander