IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

REBECCA BROWN AND
ROBERT PERSCHKA,

    Plaintiffs,

vs.

Docket: _____
JURY DEMANDED

AMERICAN LOGITRAN CARGO, INC.,
AND ROY IRIZARRY

    Defendants.

## COMPLAINT AT LAW

COME NOW your Plaintiffs, Rebecca Brown and Robert Perschka, by and through their attorneys, Nahon, Saharovich & Trotz, PLC, and file this Complaint against your Defendants, American Logitran Cargo, Inc. and Roy Irizarry, and in support thereof state the following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1.    Plaintiffs, Rebecca Brown and Shane Perschka, are adult Arkansas residents of Marion, Crittenden County.

2.    Defendant, American Logitran Cargo, Inc., upon information and belief, is a Michigan Corporation and is an interstate motor carrier doing business in the state of Arkansas. Additionally, this Defendant has a registered agent for service of process, Yadwinder Singh, located at 28537 Wick Road, Romulus, Michigan.

3. The Defendant, Roy Irizarry, upon information and belief, is a resident of Gillette, Campbell County, Wyoming, and at all times pertinent hereto was the employee, agent and/or servant of the Defendant, American Logitran Cargo, Inc.

4. This cause of action arises out of events resulting from an automobile versus tractor-trailer collision which occurred in West Memphis, Crittenden County, Arkansas. Jurisdiction, venue and service of process are thus proper with this court.

## FACTS

5. On or about November 24, 2016, at approximately 3:00 PM, Plaintiff, Rebecca Brown, was a passenger in a 1996 Chevrolet S-10/T-10 pick-up truck, being operated by Plaintiff, Shane Perschka, in the right hand westbound lane of Interstate 40 in West Memphis, Crittenden County, Arkansas.

6. At the same time, Defendant, Roy Irizarry, was operating a 2012 Freightliner tractor-trailer, bearing Michigan license plate number RB40784 and United States Department of Transportation Number 1063821, also in the right hand westbound lane of Interstate 40 in West Memphis, Crittenden County, Arkansas. Upon information and belief, the 2012 Freightliner tractor-trailer was solely owned by Defendant, American Logitran Cargo, Inc.

7. As Shane Perschka was carefully operating his truck with his emergency flashers on, he was suddenly and without warning violently struck in the rear by the front of Defendants' tractor-trailer at a high rate of speed.

8. As a direct and proximate result of the violent collision, Rebecca Brown sustained severe personal injuries and Robert Perschka sustained injuries and property damage to his truck.

9. At all times relevant hereto, Plaintiffs were exercising care and caution for her safety and for the safety of others properly on the aforesaid roadway.

### RESPONDEAT/SUPERIOR

10. Plaintiffs charge and allege that the 2012 Freightliner tractor-trailer operated by Co-Defendant, Roy Irizarry, was solely owned by Co-Defendant, American Logitran Cargo Inc. In addition, Roy Irizarry was the agent, servant, and/or employee of the Co-Defendant, American Logitran Cargo, Inc., and that because Co-Defendant, Roy Irizarry, was on or about the business of Co-Defendant, American Logitran Cargo, Inc., on November 24, 106, the Co-Defendant, American Logitran Cargo, Inc. is vicariously and equally liable for the negligent and tortious acts and/or omissions of Roy Irizarry pursuant to the respondeat superior doctrine of tort liability.

### ACTS AND/OR OMISSIONS OF NEGLIGENCE

11. Plaintiffs charge and allege that the Defendant, Roy Irizarry, is guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

(a) Failing to maintain a proper lookout ahead;

(b) Failing to maintain proper control of the tractor-trailer under the existing circumstances;

(c) Failing to devote full time and attention to the operation of the tractor-trailer;

(d) Failing to use the degree of care and caution that was required under the circumstances;

(e) Failing to operate the tractor-trailer at a safe speed for the circumstances then and there existing;

(f) Failing to keep the tractor-trailer under control; and

(g) Failing to exercise ordinary care at the time of the collision.

12. Plaintiffs charge and allege that at the time of the collision in question, the following statutes of the State of Arkansas were in full force and effect and were violated by Defendant, Roy Irizarry, to wit:

*Section 27-50-308: Reckless driving.*
*(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.*

*Section 27-51-104. Careless and prohibited driving.*
*(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.*
*(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:*
*(1) Improper or unsafe lane changes on public roadways.*

*Section 27-51-201: Speed Limitations generally.*
*(a)(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.*
*(2) In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with the legal requirement and duty of all persons to use due care.*

*Section 27-51-305: Following too closely.*
*(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of vehicles and the traffic and condition of the highway.*
*(b)(1) The driver of any motor truck or any motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within two hundred (200') of another motor vehicle.*

13. Plaintiffs further charge and allege that your Defendants, American Logitran Cargo, Inc., and Roy Irizarry, are subject to the rules and regulations of the Federal Motor Carrier Safety Act and reserve the right to amend their Complaint to add any such violation of the FMCSA by these Defendants as discovery develops.

4

## PROXIMATE CAUSE

14. Plaintiffs charge and allege that one, some or all of the aforesaid acts of common law negligence and/or violations of the statutes of the State of Arkansas were the direct and proximate cause of the collision at issue and the Plaintiffs' injuries and damages to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

15. Plaintiff, Rebecca Brown, charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common-law negligence and/or violations of the statutes of the state of Arkansas by Defendants, that she is entitled to great damages, including but not limited to:

   a. Severe and permanent personal injuries and damages, including but not limited to a traumatic brain injury, a right frontotemporal parietal acute/hyperactue subdural hematoma, loss of consciousness, severe headaches and neck trauma;

   b. Enormous Past and future pain and physical suffering;

   c. Loss of enjoyment of life;

   d. Great Fright and shock, including post traumatic stress disorder;

   e. Large medical expenses, both past and future;

   f. Permanent impairment to the body as a whole;

   g. Past and future mental anguish; and

   h. Out of pocket expenses.

16. Plaintiff, Shane Perschka, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence and/or violations of the

statutes of the state of Arkansas by Defendants, that he is entitled to damages, including but not limited to:

a. Personal injuries and damages, including but not limited to headaches, a left finger injury, a lumbar spine injury and a left leg injury;

b. Past and future pain and physical suffering;

c. Loss of enjoyment of life;

d. Fright and shock;

e. Medical expenses, both past and future;

f. Property damage;

g. Past and future mental anguish; and

h. Out of pocket expenses.

## RELIEF

17. WHEREFORE, Plaintiff, Rebecca Brown, sues Defendants, American Logitran Cargo, Inc., and Roy Irizarry, and seeks a judgment in an amount which will reasonably and sufficiently compensate her for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

18. WHEREFORE, Plaintiff, Shane Perschka, sues Defendants, American Logitran Cargo, Inc., and Roy Irizarry, and seeks a judgment in an amount which will reasonably and sufficiently compensate him for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

19.     Plaintiffs also pray for a trial by jury, the right to recover their costs, interest, the right to amend their complaint to conform to the evidence as it develops, and for all general further and equitable relief that they may be so entitled.

Respectfully submitted,

NAHON SAHAROVICH & TROTZ, PLC

_____
Kevin N. Graham BR #2011-172
Attorneys for Plaintiffs
488 S. Mendenhall
Memphis, TN 38117
Phone: (901)-462-3331
Facsimile: (901)-746-1567